UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PERRY ASHELMAN,<br><br>              Petitioner,<br><br>    v.<br><br>PAT GLEBE,<br><br>              Respondent. | CASE NO. C10-5047BHS/JRC<br><br>REPORT AND RECOMMENDATION TO DISMISS PRIOR TO SERVICE<br><br>Noted for March 26, 2010 |

The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and 636 (b) (1) (B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner is proceeding as a pauper. Petitioner is challenging the loss of 15 days goodtime credits for a finding of guilty for refusing to program. He does not challenge the hearing process or the due process he received at the hearing. Instead, he contends he was found guilty because he refuses to take an anger management class. He argues taking that class was not part of his

REPORT AND
RECOMMENDATION - 1

judgment and sentence. His contention is that he cannot be ordered to take a class unless the court made it part of his judgment and sentence (Dkt. # 1, proposed petition).

Petitioner misunderstands the nature of goodtime credits and the Department of Corrections' ability to grant and revoke goodtime or earned time credits. The court recommends this petition be denied prior to service because the claim is frivolous and amendment cannot cure this defect.

## DISCUSSION

An inmate has no constitutional right to goodtime credits or a reduction in his sentence. Wolff v. McDonnell, 418 U.S. 539 (1974). However, the state may create a liberty interest in such credits. Where an inmate has earned the goodtime and it has reduced the sentence, they may only be taken away after affording the inmate due process. Here, the state has a system that allows for goodtime or earned time if an inmate programs and obeys the prison rules. If an inmate behaves, follows prison rules, and programs, the sentence may be shortened.

If the inmate refuses to program, or breaks rules, they may be infracted. After a hearing the inmate may lose goodtime that has been previously awarded. Further, they may not be granted goodtime as they are not programming or following the rules.

Petitioner does not challenge the due process he received at his infraction hearing. Instead, he contends prison officials cannot force him to program and take a class unless it was part of his sentence.

Petitioner is correct in stating that prison officials cannot force him to take anger management classes. The prison officials are, however, able to deny or revoke petitioner's goodtime or earned time credits and hold him until the expiration of his sentence if he refuses to program or follow prison rules. This petition is without merit and should be denied.

CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**CONCLUSION**

This petition is without merit. This petition should be DENIED prior to service. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 26, 2010, as noted in the caption.

Dated this 2nd day of March, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3